IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 06 CR 963 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| FREDRICK PERRY ) | |

## ORDER

Before the Court is Defendant Fredrick Perry's motion to reduce his sentence [44] pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the U.S. Sentencing Guidelines. For the reasons stated below, Defendant's motion [44] is denied.

## BACKGROUND

On December 21, 2006, Defendant Fredrick Perry was charged by indictment with one count of distributing 50 grams or more of mixtures containing cocaine base in the form of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). On June 26, 2008, Defendant entered a blind plea of guilty to the charge. On February 26, 2009, the district court sentenced Defendant to 226 months imprisonment and five years of supervised release. While the drug charge carried with it a base offense level of 30 under the § 2D1.1 Drug Quantity Table, Defendant was sentenced as a career offender under Guidelines § 4B1.1, where his base offense level was 37.

Perry now seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the U.S. Sentencing Guidelines. [44.] While the Government agrees that Amendment 782 has reduced the Guidelines range applicable to Defendant's distribution count under the § 2D1.1 Drug Quantity Table (reduced from a base offense level of 30 to a base offense level of 24), it nonetheless argues that a reduction is not warranted here because Defendant was not sentenced based on an offense level as determined by the § 2D1.1 Drug Quantity Table, but rather as a career offender under Guidelines § 4B1.1, and thus Amendment 782 does not reduce the base offense level or the advisory Guidelines range applicable here.

## STATEMENT

Amendment 782 to the U.S. Sentencing Guidelines—which became effective on 11/1/2014 and applies retroactively—reduced by two levels the base offense levels associated with various drug offenses covered by Sentencing Guideline § 2D1.1. See U.S.S.G. Supp. app. C., amend. 782, p. 71 (2014). The Amendment also applies to defendants who are currently serving terms of imprisonment for such crimes, although any sentence reduction granted cannot take effect until 11/1/2015, meaning that while a court is free to address applications for reduced sentences at this time, no defendant may be released as a result of such an application before 11/1/2015. See U.S.S.G. § 1B1.10(d), (e)(1).

A district court has the authority to modify a sentence where "a defendant * * * has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

lowered by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1). In doing so, a court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission," such as U.S.S.G. § 1B1.10. See 18 U.S.C. § 3582(c)(2). Thus, before granting a sentence reduction, the Court must confirm that: (1) the Sentencing Commission has lowered the applicable Guideline sentencing range, and (2) the reduction is consistent with 18 U.S.C. § 3553(a) and any applicable policy statements issued by the Sentencing Commission. See *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).

Defendant fails to meet the first requirement for reduction. To be eligible for a sentence reduction under Amendment 782, Defendant must have been sentenced based on an offense level determined by the § 2D1.1 Drug Quantity Table. Defendant was not. While Defendant's distribution count had a base offense level of 30 based on the Drug Quantity Table, Defendant was not sentenced pursuant to that base offense level. Instead, Defendant was sentenced as a career offender under Guidelines § 4B1.1, where his base offense level was 37. Sentences made pursuant to Guidelines § 4B1.1 are not eligible for a reduction under Amendment 782.

Defendant argues in his reply brief [53] that his post-sentencing conduct—wherein he has consistently maintained a good disciplinary record and accumulated multiple educational certificates—supports his requested reduction. While Defendant's post-sentencing conduct and his "genuine desire to become a better man for himself and for his family and community" [53, at 2] are respectable, these are not considerations that impact the applicability of Amendment 782.

Accordingly, Defendant Fredrick Perry's motion to reduce sentence [44] is denied.

Dated: August 27, 2015

_____
Robert M. Dow, Jr.
United States District Judge